**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RANDY LEO GROSS,

      Petitioner,

                                  CASE NO. 05-CV-72723-DT

v.                                HONORABLE ARTHUR J. TARNOW

                                  UNITED STATES DISTRICT JUDGE

KENNETH ROMANOWSKI,

      Respondent.

_____/

**OPINION AND ORDER DENYING THE**
**PETITION FOR WRIT OF HABEAS CORPUS**

      Randy Lee Gross, ("petitioner"), presently confined at the Parr Highway

Correctional Facility in Adrian, Michigan, has filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  In his *pro se* application, petitioner challenges his

conviction for assault with intent to do great bodily harm less than murder, M.C.L.A.

750.84; and being a third felony habitual offender, M.C.L.A. 769.11.  For the reasons

stated below, the petition for a writ of habeas corpus is denied.

**I.  Background**

      Petitioner was convicted of the above offense following a bench trial in the

Midland County Circuit Court.  The relevant facts regarding petitioner's conviction are

set forth in the Michigan Court of Appeals' opinion affirming his conviction, which are

presumed correct on habeas review. *See Monroe v. Smith,* 197 F. Supp. 2d 753, 758

(E.D. Mich. 2001):

      This case arose when defendant inflicted a severe beating on the victim in
      her home.  Defendant resided in the home with the victim and admitted that
      he committed the offense.  He admitted that he grabbed the victim's head
      and slammed it into a kitchen cabinet.  Then he pushed her to the floor and

1

*Gross v. Romanowski,* 05-CV-72723-DT

pummeled her in the face with his fists.  In addition to small cuts and bruises, the victim lost three teeth.  The beating was so severe that the victim's mental faculties were severely impaired for a time, and her doctor attributed the problem to a brain contusion.

*People v. Gross,* No. 247858, * 1 (Mich.Ct.App. October 7, 2004).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 472 Mich. 917; 697 N.W.2d 152 (2005).  Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. Petitioner's confession was involuntary where he had no memory of the alleged offense and was threatened into making statements.

II. There was insufficient evidence that petitioner committed the offense of assault with intent to do great bodily harm and reversal [is required].

## II.  Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-

2

*Gross v. Romanowski,* 05-CV-72723-DT

06 (2000).  An "unreasonable application" occurs when "a state court decision

unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."

*Id.* at 409.  A federal habeas court may not "issue the writ simply because that court

concludes in its independent judgment that the relevant state-court decision applied

clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III.  Discussion

**A.  The involuntary confession claim.**

Petitioner first claims that his confession was involuntarily made.

An evidentiary hearing was conducted in petitioner's case on December 6, and

December 16, 2002 in the trial court.  At the conclusion of the hearing, the trial court

denied the motion to quash the confession, finding that under the totality of the

circumstances, petitioner had freely and voluntarily agreed to make a statement to the

police.

The Michigan Court of Appeals affirmed the trial court's decision.  In ruling that

the trial court did not clearly err in finding that petitioner's confession was voluntarily

made, the Michigan Court of Appeals noted that the evidence from the pre-trial

evidentiary hearing showed that petitioner was forty four years old and had some

college education.  Petitioner had two prior convictions and was familiar with his rights

from being interrogated by police in one of those cases.  Although petitioner confessed

after five and a half hours at the police station, the administration of a polygraph

examination took up the first three and a half hours.  Petitioner had voluntarily

3

*Gross v. Romanowski,* 05-CV-72723-DT

consented to the examination and acknowledged that he was free to leave at any time.

Even though a formal advice of rights was not required because petitioner was not in

custody, petitioner was advised of and waived his rights twice that day, once before

taking the polygraph test and once before giving the taped statement.  There was no

evidence that petitioner was injured, intoxicated or drugged, in ill health, or deprived of

food, sleep or medical attention.  There was no evidence that petitioner had been

threatened with or subjected to physical abuse by the police. Although petitioner

argued that officers threatened that he would go to prison, the Michigan Court of

Appeals concluded that these "threats" were premised on a court finding petitioner

guilty of the crime, not on his statements. *People v. Gross,* Slip. Op. at * 2.

The Fifth Amendment prohibits the prosecution's use of a criminal defendant's

compelled testimony. *Oregon v. Elstad*, 470 U.S. 298, 306-07 (1985).  The Due

Process Clause of the Fourteenth Amendment likewise prohibits the admission at trial

of coerced confessions obtained by means "so offensive to a civilized system of justice

that they must be condemned." *Miller v. Fenton*, 474 U.S. 104, 109 (1985).  An

admission is deemed to be coerced when the conduct of law enforcement officials is

such as to overbear the accused's will to resist. *Ledbetter v. Edwards,* 35 F. 3d 1062,

1067 (6th Cir. 1994)(citing *Beckwith v. United States*, 425 U.S. 341, 347-48 (1976).

An involuntary confession may result from psychological, no less than physical,

coercion or pressure by the police. *Arizona v. Fulminante*, 499 U.S. 279, 285-89

(1991); *Miranda v. Arizona*, 384 U.S. 436, 448 (1966).

A federal court must look at the totality of the circumstances to determine

4

*Gross v. Romanowski,* 05-CV-72723-DT

whether a defendant's confession is voluntary. *Ledbetter,* 35 F. 3d at 1067. "[F]actors to consider in assessing the totality of the circumstances include the age, education, and intelligence of the accused; whether the accused has been informed of his constitutional rights; the length of the questioning; the repeated and prolonged nature of the questioning; and the use of physical punishment, such as the deprivation of food or sleep." *Ledbetter,* 35 F. 3d at 1067. The Supreme Court has also stated: "a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his [rights]...Since the State is responsible for establishing the isolated circumstances under which the interrogation takes place and has the only means of making available corroborated evidence of warnings given during incommunicado interrogation, the burden is rightly on its shoulders." *Miranda*, 384 U.S. at 475.

The state court determination that petitioner's confession was voluntary was not contrary to, or an unreasonable application of, clearly established federal law, and thus did not warrant federal habeas relief, despite petitioner's claim of coercive police activity, where petitioner was forty four years old at the time he made his statement, had two prior convictions, and was thus familiar with criminal procedures, was not deprived of necessary nourishment, medical care, sleep, or other essentials while in custody, and was advised of his *Miranda* rights by police prior to being questioned and waived those rights.

Although petitioner claims that the polygraph examiner attempted to play upon his religious beliefs after he had failed the polygraph examination, appeals to a

5

*Gross v. Romanowski,* 05-CV-72723-DT

suspect's religious beliefs do not render a suspect's confession involuntary. *See*

*Barrera v. Young,* 794 F. 2d 1264, 1270 (7th Cir. 1986).

The polygraph examiner and the detective that petitioner ultimately confessed

to, both denied making any threats to petitioner regarding possible jail time or promises

of leniency.  In any event, reciting potential penalties or sentences by the police to a

suspect does not constitute coercion which will render a confession involuntary. *See*

*U.S. v. Haswood,* 350 F.3d 1024, 1029 (9th Cir. 2003).

Moreover, although petitioner claims that the detective promised that he would

receive a more lenient sentence if he confessed, the detective denied making such

promises. (T. 12/6/2002, p. 37).

In considering federal habeas petitions, a federal district court must presume the

correctness of state court factual determinations, and a habeas petitioner may rebut

this presumption only with clear and convincing evidence. *Bailey v. Mitchell*, 271 F. 3d

652, 656 (6th Cir. 2001); 28 U.S.C. § 2254(e)(1).  Subsidiary factual questions in

determining the voluntariness of a statement to police, such as whether the police

engaged in intimidation tactics alleged by a habeas petitioner, are entitled to the

presumption of correctness accorded to state court findings of fact. *Miller v. Fenton*,

474 U.S. 104, 112 (1985).  The presumption of correctness also "applies to implicit

findings of fact, logically deduced because of the trial court's ability to adjudge the

witnesses' demeanor and credibility." *Carey v. Myers*, 74 Fed. Appx. 445, 448 (6th Cir.

2003) (citing *McQueen v. Scroggy*, 99 F. 3d 1302, 1310 (6th Cir. 1996)).  Although the

trial court did not specifically find that no promises of leniency had been made by the

6

*Gross v. Romanowski,* 05-CV-72723-DT

detective, the trial court did mention in its findings that promises of leniency are one issue that come up in determininig the voluntariness of a confession. (T. 12/16/2002, p. 25). By ruling that petitioner's confession was voluntary, the trial court implicitly found that no promises of leniency had been made to induce petitioner's confession.

Petitioner lastly claims that his confession was involuntary because the police supplied him with facts of the crime due to his inability to remember the assault. However, petitioner admitted that he told Andrew Loguski about grabbing the victim's head with two hands and hitting her head against a counter or cabinet in the kitchen even though Detective Cholcher hadn't mentioned these details to him. (T. 12/16/2002, p. 12). Because petitioner acknowledges that he told the police about several details of the crime of which he had not been informed, petitioner is unable to show that the police "spoon fed" the facts of the case to him, so as to induce a confession. Petitioner is not entitled to habeas relief on his first claim.

**B. The sufficiency of evidence claim.**

Petitioner next claims that there was insufficient evidence to convict him of assault with intent to do great bodily harm.

In rejecting this claim, the Michigan Court of Appeals noted that the prosecutor presented evidence that petitioner "brutally assaulted the victim, with whom he lived, and later confessed to the crime." *People v. Gross,* Slip. Op. at * 2. The fact that petitioner "slammed the victim's head into a cabinet and then proceeded to punch her repeatedly with his fists" was considered sufficient to demonstrate that petitioner intended to cause the victim great bodily harm. *Id.*

7

*Gross v. Romanowski,* 05-CV-72723-DT

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  Because a claim of insufficiency of the evidence presents a mixed question of law and fact, this Court must determine whether the state court's application of the *Jackson* standard was reasonable. *Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 596 (E.D. Mich. 2001). Moreover, the *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Adams v. Smith,* 280 F. Supp. 2d 704, 714 (E.D. Mich. 2003) (*quoting Jackson,* 443 U.S. at 324, n. 16). The *Jackson* standard applies to bench trials, as well as to jury trials. *See Gilley v. Collins,* 968 F. 2d 465, 467 (5th Cir. 1992).

Petitioner first contends that there was insufficient evidence to convict him, because apart from his confession, there was no evidence to link him to this crime, because the victim could not remember who had assaulted her.

Eyewitness identification is not necessary to sustain a conviction. *See United States v. Brown,* 408 F. 3d 1049, 1051 (8th Cir. 2005); *Dell v. Straub,* 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002).  In addition, "[A]n admission by the accused identifying himself as the person involved in the (crime) is sufficient to sustain a guilty verdict when the crime itself is shown by independent evidence." *United States v. Opdahl*, 610 F. 2d 490, 494 (8th Cir. 1979).

8

*Gross v. Romanowski,* 05-CV-72723-DT

Petitioner next claims that there was insufficient evidence to establish that he intended to inflict great bodily harm upon the victim.  Under Michigan law, the elements of assault with intent to do great bodily harm less than murder are: (1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder. *Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004)(citing *People v. Mitchell,* 149 Mich. App. 36, 38 (1986)). The term "intent to do great bodily harm less than murder" has been defined as an intent to do serious injury of an aggravated nature. *People v. Mitchell,* 149 Mich. App. at 39.

In the present case, a rational trier of fact could have concluded from the evidence presented at trial that petitioner intended to do great bodily harm, in light of the injuries that were inflicted upon the victim.  Therefore, the Michigan Court of Appeals' conclusion that the evidence was sufficient to support the conviction was objectively reasonable.  The Michigan Court of Appeals' denial of relief did not result in a decision that was contrary to, or an unreasonable application of *Jackson*, and petitioner is therefore not entitled to habeas relief on the basis of this claim. *See Adams v. Smith,* 280 F. Supp. 2d at 715.

*Gross v. Romanowski,* 05-CV-72723-DT

## IV.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  December 12, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 12, 2006, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary

10